```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

JEFFERSON PARISH                          CIVIL ACTION

VERSUS                                    NO: 13-6738

CHEVRON U.S.A. HOLDINGS, INC.,            SECTION: J(3)
ET AL
```

### ORDER

Before the Court is Plaintiff's *Motion to Remand* (**Rec. Doc. 24**), Defendants' *Opposition* (**Rec. Doc. 37**), and Plaintiff's *Reply* (**Rec. Doc. 42**), as well as the supplemental briefing filed by the parties (**Rec. Docs. 68, 70**). This lawsuit is one of many that have been filed by Plaquemines and Jefferson Parishes against various oil and gas companies, alleging violations of the Louisiana State and Local Coastal Resources Management Act. All of these lawsuits have been removed to this Court, and in each lawsuit, Plaintiffs have filed a motion to remand. To date, a number of these lawsuits have been remanded back to state court.

The Court finds persuasive the holdings and reasoning set forth in *Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, No. 13-6693, 2014 WL 6750649 (E.D. La. Dec. 1, 2014)

1

(Zainey, J); *Plaquemines Parish v. Rozel Operating Co.*, No. 13-6722, 2015 WL 403791 (E.D. La. Jan. 29, 2015) (Africk, J.); *Jefferson Parish v. Anadarko E&P Onshore LLC*, No. 13-6701 (E.D. La. Mar. 9, 2015) (Lemelle, J.); and *Plaquemines Parish v. Hilcorp Energy Co.*, 13-6727, 2015 WL 1954640 (E.D. La. Apr. 29, 2015) (Feldman, J.).

The Court has also given particular consideration to whether these opinions are correct regarding their finding of an absence of OCSLA jurisdiction. The Court determines that the matter is controlled by the test for OCSLA jurisdiction articulated in *In re Deepwater Horizon*, 745 F.3d 157 (5th Cir. 2014):

> Courts typically assess jurisdiction under [OCSLA] in terms of whether (1) the *activities that caused the injury* constituted an "operation" "conducted on the Outer Continental Shelf" that involved the exploration and production of minerals, and (2) the case "arises out of, or in connection with" the operation.

*Id.* at 163 (emphasis added). In this matter, the undisputed evidence shows that the activities causing the complained of injuries were conducted on land as opposed to on the Outer Continental Shelf. It therefore reasons that OCSLA jurisdiction does not apply.

**IT IS HEREBY ORDERED** that the motion is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the

2

state court from which it was removed due to a lack of subject matter jurisdiction.

New Orleans, Louisiana, this 12th day of May, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE